UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :     SUPERSEDING INFORMATION

        - v. -                    :     S1 05 Cr. 405 (WHP)

AUDREY ALOYSIUS,                  :

            Defendant.            :

- - - - - - - - - - - - - - - - -X

*USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: JUL 22 2005*

### COUNT ONE

**(Wire Fraud)**

The United States Attorney charges:

**The December 2003 Fraudulent Scrap Steel Deal**

1.  In or about December 2003, AUDREY ALOYSIUS, the defendant, through a company she controlled, Baiser, Ltd., entered into a contract (the "Contract") with an individual ("V-1") acting on behalf of himself and members of his family. According to the terms of the Contract, V-1 and members of his family agreed to invest $2.5 million in a purported shipment of scrap steel that ALOYSIUS had represented was en route from Italy to China and could be sold there at a substantial profit. Under the terms of the Contract, ALOYSIUS promised to pay V-1 and members of his family the principal plus a profit of 28% no later than March 15, 2004.

2.  Around the time the Contract was executed in December 2003, ALOYSIUS represented to V-1 and members of his family that time was of the essence and that they needed to send

her the majority of the investment funds no later than December 18, 2003.

3. At ALOYSIUS's direction, on or about December 17 and 18, 2003, V-1 and members of his family wire transferred a total of approximately $1.8 million, at least approximately $300,000 of which originated from a bank account in North Carolina, to ALOYSIUS's personal bank account in New York, New York. On or about December 29, 2003, V-1 and members of his family wire transferred an additional approximately $700,000 from a bank account in North Carolina to ALOYSIUS's personal bank account in New York, New York.

4. On or about December 18, 2003, ALOYSIUS used approximately $1.5 million of the funds that V-1 and members of his family had wire transferred to her personal bank account not to invest in the purported scrap steel shipment as she had represented but to purchase a luxury apartment for herself in New York, New York. ALOYSIUS transferred the remainder of the funds she received from V-1 and members of his family to other individuals or otherwise used the money for her personal benefit.

5. On or about March 15, 2004, ALOYSIUS failed to pay V-1 and members of his family as required by the Contract. On or about April 13, 2004, after V-1 and members of his family had inquired about the status of their investment, ALOYSIUS promised to make a complete payment, plus additional interest, no later

than May 7, 2004, and sent V-1 and members of his family by overnight courier two checks post-dated to May 7, 2004, with a face value totaling $3,680,000.

6. On or about May 5, 2004, ALOYSIUS instructed V-1 not to negotiate the two checks and instead promised to wire the money to V-1 and members of his family. ALOYSIUS never sent the money as promised.

### Statutory Allegation

7. From on or about December 17, 2003, up to and including on or about December 29, 2003, in the Southern District of New York and elsewhere, AUDREY ALOYSIUS, the defendant, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, namely, a scheme to defraud V-1 and members of his family out of approximately $2.5 million through the use of a fictitious investment project, transmitted and caused to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, ALOYSIUS caused victims of the scheme to effect interstate wire transfers of approximately $1 million from a bank account in North Carolina to ALOYSIUS' bank account in New York, New York.

(Title 18, United States Code, Section 1343.)

## COUNT TWO

### (Wire Fraud)

The United States Attorney further charges:

**The December 2004 Fraudulent Scrap Steel Deal**

8. On or about December 10, 2004, AUDREY ALOYSIUS, the defendant, was arrested in connection with the above-described December 2003 fraudulent scrap steel shipment and released on bail.

9. In early December 2004, prior to her arrest, ALOYSIUS approached a second individual ("V-2") with a proposed investment in a purported scrap steel shipment. During the course of convincing V-2 to invest with her, ALOYSIUS personally guaranteed V-2's investment, and represented that V-2 could earn profits of 20% to 40% in three months or less. ALOYSIUS told V-2 that he could invest in the purported scrap steel shipment using certain jewelry, to which V-2 had access, as collateral.

10. From on or about December 20, 2004, through on or about February 1, 2005, V-2 sent three shipments of jewelry with a total wholesale value of approximately $791,985.92 to ALOYSIUS personally or to a jewelry dealer (the "Jewelry Dealer") designated by ALOYSIUS.

11. Instead of using the jewelry to secure V-2's investment in the purported scrap steel shipment, as she had

represented to V-2, between on or about December 24, 2004 and on or about February 4, 2005, ALOYSIUS sold the jewelry to the Jewelry Dealer and used the proceeds for her personal benefit and gain. Among other things, at ALOYSIUS's direction, the Jewelry Dealer wire transferred approximately $45,000 from its bank account in New York, New York to an account in Connecticut for ALOYSIUS's benefit on or about January 31, 2005.

### Statutory Allegation

12. On or about January 31, 2005, in the Southern District of New York and elsewhere, AUDREY ALOYSIUS, the defendant, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, namely, a scheme to defraud individuals out of hundreds of thousands of dollars through the fraudulent sale of jewelry that had been entrusted to her custody and control, transmitted and caused to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, ALOYSIUS caused the Jewelry Dealer to effect an interstate wire transfer of approximately $45,000 from a bank in New York, New York to a bank in Connecticut for her benefit.

(Title 18, United States Code, Section 1343.)

## COUNT THREE

### (Wire Fraud)

The United States Attorney further charges:

### The January 2005 Fraudulent Scrap Steel Deal

13.  In or about January 2005, AUDREY ALOYSIUS, the defendant, discussed with several individuals (collectively, "V-3") at an investment company in New York, New York (the "Investment Company") a proposed $5 million investment in a purported shipment of scrap steel from Poland to China.  During the course of convincing V-3 to invest in the purported scrap steel shipment, ALOYSIUS falsely denied ever having been arrested.  When V-3 later discovered, contrary to her

15. V-3 agreed to invest in the purported scrap steel shipment, and from on or about January 28, 2005, up to and including on or about February 2, 2005, clients of the Investment Firm wire transferred approximately $350,000, at least approximately $180,000 of which originated in bank accounts in New York, New York, to an account controlled by V-3 in Connecticut to partially fund the investment. At ALOYSIUS's direction, V-3 then wire transferred the approximately $350,000 from its bank account in Connecticut to bank accounts that ALOYSIUS specified in California, New Jersey and New York. ALOYSIUS did not invest the money from V-3 in a scrap steel shipment as she had represented but instead used it for her own benefit and gain.

**Statutory Allegation**

16. From on or about January 28, 2005, up to and including on or about February 2, 2005, in the Southern District of New York and elsewhere, AUDREY ALOYSIUS, the defendant, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, namely, a scheme to defraud individuals out of hundreds of thousands of dollars through the use of a fictitious investment project, transmitted and caused to be transmitted by means of wire, radio, and television

communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, ALOYSIUS caused victims of the scheme to effect interstate wire transfers totaling approximately $180,000 from bank accounts in New York, New York to a bank account in Connecticut for her benefit.

(Title 18, United States Code, Section 1343.)

## COUNT FOUR

### (Wire Fraud)

The United States Attorney further charges:

**September 2003 Fraudulent Scrap Steel Deal**

17. In or about September 2003, AUDREY ALOYSIUS, the defendant, discussed with an individual ("V-4") a proposed investment in a purported scrap steel shipment. ALOYSIUS represented that the investment, which V-4 would make through a company ALOYSIUS allegedly controlled, GAT Holding Inc., would earn a minimum of 20% profit.

18. V-4 agreed to invest in the purported scrap steel shipment, and between on or about September 30, 2003 and on or about November 18, 2003, wire transferred a total of approximately $118,000, approximately $58,000 of which originated from an account in Pennsylvania, to ALOYSIUS's personal bank account in New York, New York. On or about November 30, 2004, V-4 wire transferred an additional approximately $46,000 from an

account in Pennsylvania to an attorney trust account in New York, New York for the benefit of ALOYSIUS, in connection with V-4's investment in the purported steel shipment.

19. During the course of, and in connection with the transaction, ALOYSIUS provided V-4 with, among other things, a promissory note and a certificate of shares in GAT Holding Inc., purportedly reflecting V-4's interest in the scrap steel shipment. Contrary to these representations, ALOYSIUS did not invest V-4's money as she had promised, but instead used it for her own benefit and gain.

### Statutory Allegation

20. On or about September 30, 2003, in the Southern District of New York and elsewhere, AUDREY ALOYSIUS, the defendant, unlawfully, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, namely, a scheme to defraud V-4 out of more than $200,000 through the use of a fictitious investment project, transmitted and caused to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, ALOYSIUS caused V-4 to effect an interstate wire transfer of approximately $58,000 from an

account in Pennsylvania to ALOYSIUS' bank account in New York, New York.

(Title 18, United States Code, Section 1343.)

## FORFEITURE ALLEGATION

21. As the result of committing one or more of the offenses alleged in Counts One through Three herein, AUDREY ALOYSIUS, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense(s), including but not limited to the following:

    a. A sum of money equal to $3,844,246.92 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Four of this Superseding Information; and

    b. The apartment located at 45 West 67th Street, Unit 21-D, New York, New York 10023.

## Substitute Assets

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant

    a. cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property.

      (Title 18, United States Code, Section 981;
       Title 28, United States Code, Section 2461; and
  Title 18, United States Code, Sections 1341 and 1343.)

_____
DAVID N. KELLEY /(signature)
United States Attorney

**Docket No. 05 Cr. 405 (WHP)**

| | |
|---|---|
| 07/22/05 *KW* | Defendant Arraigned on Information. Defendant waived right to grandjury and consented to Information. Defendant pleas not guilty. PTC held, defendant present w/ attorney Lee Ginsburg, AUSA present Tom Brown, Court Reporter Joe Quinones present, Next PTC set for 9/9/05 at 2:00 PM. SPT excluded from 07/22/05 to 09/1/05 under 18 U.S.C. 3161 (h)(8)(A), detention continued. |

Pauley, J